UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ADAM J PRUDHOMME,
    Plaintiff,

v.                                  Case No.:  3:24cv217/TKW/ZCB

MARCUS MICHLES, et al.,
    Defendants.
                                          /

## **REPORT AND RECOMMENDATION**

Plaintiff filed this case *pro se* and *in forma pauperis*. (Docs. 1, 4). On May 20, 2024, the Court ordered Plaintiff to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. 5). Plaintiff responded by filing a "motion" for leave to amend his complaint, as well as a copy of his proposed amended complaint. (Doc. 6). Because Plaintiff's initial complaint has not been served, the Court will accept Plaintiff's amended complaint (Doc. 6) as the operative pleading. *See* Fed. R. Civ. P. 15(a)(1) (providing that a party may amend a pleading once as a matter of course prior to service).

The Court is statutorily required to review Plaintiff's amended complaint to determine whether this action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

1

relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Additionally, the Court has a duty to ensure that it has subject matter jurisdiction. *McIntosh v. Royal Caribbean Cruises*, 5 F.4th 1309, 1312 (11th Cir. 2021). Having reviewed the amended complaint, the Court has determined that dismissal is warranted for lack of subject matter jurisdiction.

## I. Discussion

Federal courts are courts of limited jurisdiction. *Bishop v. Reno*, 210 F.3d 1295, 1298 (11th Cir. 2000). If a federal court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A court may raise a lack of subject matter jurisdiction on its own motion. *McIntosh*, 5 F.4th at 1312. Before a court may dismiss for lack of subject matter jurisdiction, the plaintiff must be provided with notice and an opportunity to be heard on the issue. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

Generally, there are two types of federal subject matter jurisdiction: (1) federal question jurisdiction, and (2) diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Under 28 U.S.C. § 1331, federal question jurisdiction exists when a case presents an issue of federal law. More

specifically, "federal question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." *Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998). The presence of federal question jurisdiction is governed by the well-pleaded complaint rule, which "provides that federal question jurisdiction exists only when a federal question is presented on the face" of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Claims based on state law generally do not confer federal question jurisdiction. *Dunlap v. G&L Holding Grp., Inc.*, 381 F.3d 1285, 1290 (11th Cir. 2004).

Diversity jurisdiction exists when the parties are residents of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The party asserting federal jurisdiction "has the burden to prove that there is diversity" of residency between the parties. *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007).

Having reviewed Plaintiff's amended complaint, it provides no basis for federal question jurisdiction. The claims asserted in the amended complaint (i.e., legal malpractice, negligence, and breach of contract) do

3

not arise under federal law. Rather, they arise under state law. Plaintiff says he filed this case in federal court because he "feel[s] as if both parties need to surrender all electronics to the Federal Government for an audit for evidence in this case." (*Id.* at 12). He cites no federal law, however, that provides for a cause of action authorizing such relief.

Although Plaintiff has cited some random federal statutes in his amended complaint, it is clear that Plaintiff's claims do not arise under the cited statutes. For example, Plaintiff has cited Section 4 of the Class Action Fairness Act (CAFA) of 2005 (*Id.*) and the "Racketeer Influenced and Corrupt Organizations (RICO) Act." (*Id.* at 17). The factual allegations in this case provide no reason for the Court to conclude that these provisions of federal law are the basis of his cause of action. *See generally Greiner v. DeCapri*, 403 F. Supp. 3d 1207, 1215 (N.D. Fla. 2019) ("Courts look to the substance, not merely the labels, of the plaintiff's claim as contained in his complaint."). Section 4 of the CAFA addresses diversity jurisdiction in the context of class action suits. *See* Class Action Fairness Act of 2005, Pub. L. No. 109-2 § 4, 119 Stat. 9; *see also Smith v. Marcus & Millichap, Inc.*, 991 F.3d 1145, 1149 (11th Cir. 2021) (discussing diversity jurisdiction in the context of the Class Action

4

Fairness Act). But Plaintiff's case is not a class action lawsuit, meaning the CAFA does not apply here. And the RICO Act authorizes a civil suit to vindicate patterns of racketeering activity by an enterprise. *See Williams v. Mohawk Indus.*, 465 F.3d 1277, 1282 (11th Cir. 2006) ("[I]n order to establish a federal civil RICO violation under § 1962(c), the plaintiffs must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity") (cleaned up); *see also Joseph v. Bernstein*, 612 F. App'x 551, 556 n.5 (11th Cir. 2015); 18 U.S.C. §§ 1962(c), 1964(c). But no such racketeering activity by an enterprise has been alleged in Plaintiff's complaint. Thus, the RICO statute does not provide this Court with federal question jurisdiction.

Plaintiff has also cited the Seventh Amendment to the U.S. Constitution. But a mere reference to the Seventh Amendment cannot provide this Court with federal question jurisdiction. *See Nalls v. Countrywide Home Servs., LLC*, 279 F. App'x 824, 825 (11th Cir. 2008) (holding the court lacked federal subject matter jurisdiction when the plaintiff alleged "that federal question jurisdiction exist[ed] pursuant to the Seventh Amendment" because a mere reference to the Seventh Amendment did not confer subject matter jurisdiction in and of itself).

5

Plaintiff also cites to various federal procedural rules, and he includes a quote from the Federalist Papers. None of the authorities cited, however, provide the basis for a legal cause of action. Thus, they cannot provide this Court with subject matter jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 n.3 (11th Cir. 1996) ("[T]he Federal Rules of Civil Procedure do not create an independent basis for federal subject matter jurisdiction."); *see also Roberts v. Est. of Patricia Young*, No. 8:23-cv-1578, 2023 WL 9119241, at *2 (M.D. Fla. Dec. 15, 2023) (finding no federal question jurisdiction when the plaintiff asserted subject matter jurisdiction was conferred through a citation to federal procedural rules). Because Plaintiff has failed to establish a basis for federal question jurisdiction, the Court will examine whether diversity jurisdiction exists under 28 U.S.C. § 1332.

Diversity jurisdiction requires that Plaintiff and Defendants be residents of different states. That requirement has not been met in this case. Plaintiff has listed a Florida address for himself, as well as a Florida address for Defendants. (Doc. 6 at 1). Thus, he has not met the requirements for diversity jurisdiction. *See Moussignac v. Ga. Dep't of*

*Human Res.*, 139 F. App'x 161, 162 (11th Cir. 2005) (finding no diversity jurisdiction when the parties were "residents" of the same state).

For the reasons above, Plaintiff has failed to show that this Court has subject matter jurisdiction. By way of the show cause order (Doc. 5), the Court has provided Plaintiff with notice and an opportunity to be heard. Yet the amended complaint Plaintiff filed in response to the show cause order suffers from the same jurisdictional defects as the original complaint. Thus, dismissal is warranted.

## II.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. Plaintiff's Motion for Leave to Amend Original Complaint (Doc. 6) be **GRANTED** to the extent that the amended complaint is accepted as the operative pleading.

2. This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

3. All pending motions be **DENIED as moot.**

4. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 30th day of May 2024.



/s/ *Zachary C. Bolitho*
Zachary C. Bolitho

United States Magistrate Judge

## Notice To The Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.